UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REX E. DERROW ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:15cv233 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff filed his application for disability insurance benefits in October of 2012, alleging disability beginning November 15, 2011 (Tr. 155-161). Plaintiff was denied at initial consideration and reconsideration (Tr. 74-106 and 108-110). A hearing was held in February of 2014, and Plaintiff was denied benefits (Tr. 30-73). Plaintiff was represented at the hearing by Attorney Andrew Kruse (Tr. 30- 73). After a Request for Review, the Appeals Council denied review (Tr. 1-6). In August of 2015, Plaintiff filed a complaint in this Court. In May of 2016 this Court reversed and remanded this case to the Social Security Administration.

Plaintiff requested $5,443.50 for EAJA fees for 28.50 hours of work in federal court at a rate of $191.00 per hour. The Court granted EAJA fees in that amount.

On remand, Andrew Kruse represented Plaintiff. Plaintiff was awarded benefits beginning in August of 2011, and the total back benefits were $79,747.80.

Mr. Kruse was awarded $6.000.00 for representation before the Social Security Administration. There remains $13,936.95 in back benefits withheld for attorney fees.

The Social Security Act's provisions governing fees for representation are found in 42

U.S.C. § 406; *see Gisbrecht v Barnhart*, 535 U.S. 789, 794 (2002) (reviewing history of attorney fees under the Social Security Act). Section 406(a) governs fees for representing claimants in the administrative process. 42 U.S.C. § 406(a). Section 406(b) governs attorney fees for litigation for benefits under Title II of the Social Security Act such as Disability Insurance Benefits, 42 U.S.C. §§ 416(I), 423, and not litigation for benefits under Title XVI of the Social Security Act, namely, Supplemental Security Income, 42 U.S.C. §§ 1382, 1382a. 42 U.S.C. § 406(b). There is no provision of the Social Security Act for attorney fees for litigation of Title XVI claims. Thus, a federal court has no authority to award or deny attorney fees paid by a Title XVI plaintiff to his or her attorney for representation in federal court. *See Bowen v. Galbreath*, 485 U.S. 74 (1988).

Section 406(b)(1) provides in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [i.e., Title II' who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits….

42 U.S.C. § 406(b)(1). The statute thus limits 406(b) awards to cases in which a Title II plaintiff actually receives past due benefits as a result of litigation, limits awards to at most 25% of past due benefits, and requires a "reasonable" fee. *Id*.; *Gisbrecht*, 122 S. Ct. at 1828 & n.15. Section 406(b)(2) makes it a misdemeanor to charge, demand, receive, or collect an attorney fee from a Title II plaintiff other than allowed by section 406(b)(1). 42 U.S.C. § 406(b)(2).

The *Gisbrecht* method of determining attorney fees begins by focusing on the 42 U.S.C. § 406(b) request in light of the contract between a plaintiff and his or her attorney. *Gisbrecht*, 122 S. Ct. at 1827-28. A contingent-fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 1828. The *Gisbrecht*

2

Court thus resolved the split in the Circuits in favor of those Circuits giving "primacy" to "lawful attorney-client fee agreements." *Id*. at 1820; *see also id*. at 1828-29 (citing with favor *Wells v. Sullivan*, 907 F.2d 367 (2d Cir. 1990); *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989); *McGuire v. Sullivan*, 873 F.2d 974 (7th Cir. 1989)).

Under the *Gisbrecht* method, a court must ensure that any 42 U.S.C. § 406(b) request is consistent with the contingent-fee agreement between the plaintiff and his or her attorney, and that the request is within the statutory maximum of 25% of past due benefits. *Id.* & n.15. The contingent-fee agreement will reflect the necessary contingent nature of a 42 U.S.C. § 406(b) fee and the plaintiff's corresponding willingness to pay his or her attorney more for the attorney to accept the risk of loss.

The *Gisbrecht* method does not end with an examination of the 42 U.S.C. § 406(b) request in light of the actual contract between the plaintiff and the attorney. *Gisbrecht*, 122 S. Ct. at 1828-29. The attorney seeking a fee has the burden to prove that the fee request is reasonable. *Id.* at 1828 & n.17. A court must provide an "independent check" to "assure" that the fee requested is reasonable in each particular case. *Id.*

In the present case, Plaintiff contracted with his attorney to pay 25% of past due benefits. Plaintiff received $79,747.80 as past due benefits. Plaintiff's attorney has now moved the Court to award $13,936.95, which is 25% of the past due benefits less the amount of the § 406(a) fee as called for under the contingent-fee agreement. Therefore, the request is not only with the statutory maximum of 25% of past-due benefits but is significantly less than Plaintiff contracted to pay.

Plaintiff's attorney contends, and the Commissioner does not dispute, that the requested

3

fee of $13,936.95 is reasonable. This amount reflects a valid contract between Plaintiff and his counsel, the substantial risk associated with this litigation and potential recovery, the results obtained for the Plaintiff, the time Counsel expended on the matter, and the required refund of the fee award previously obtained under EAJA.

Accordingly, as Plaintiff's attorney has followed the terms of his agreement and the EAJA statute, this court will grant the fee petition.

<u>Conclusion</u>

On the basis of the foregoing, Plaintiff's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b), in the amount of $13,936.95 is hereby GRANTED.

Entered: January 11, 2018.

s/ William C. Lee
William C. Lee, Judge
United States District Court